IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Joshua Ganaway, | ) | Civil Action No. 2:11-2959-RMG-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Kyoto Highway 7, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 6], requesting that the plaintiff's breach of contract and South Carolina Human Affairs Law, S.C. Code § 1-13-10 *et seq.,* claims be dismissed.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

The defendant is a Japanese-style restaurant in Charleston County, South Carolina. The defendant hired the plaintiff, on or about January 4, 2004, and he voluntarily resigned in November 2010. (Comp.¶¶ 11, 20.) The plaintiff alleges that the defendant would not train him to be a chef because he was black and working at a Japanese restaurant. *Id.* ¶ 20. After the plaintiff complained, he contends that the

defendant began harassing and discriminating against him. *Id.* ¶¶ 21-22. The plaintiff alleges that the defendant violated Title VII of the 1964 Civil Rights Act (42 U.S.C.A. § 2000e, *et seq.*) ("Title VII") by purportedly discriminating, harassing, and/or retaliating against him because of his race, (Compl. ¶¶ 15-22, 23-34); Section 1981 of Title 42 of the United States Code ("Section 1981"), *id.* ¶¶ 35-47; and the South Carolina Human Affairs Law ("SCHAL"), *id.* ¶¶ 28, 39. The plaintiff also alleges that the defendant breached its contract with him that it would provide training. *Id.* ¶¶ 54-60.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts

2

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

**I.     Breach of Contract**

The defendant first moves for dismissal of the plaintiff's claim for breach of contract. South Carolina law provides that "termination of an at-will employee normally does not give rise to a cause of action for breach of contract." *Conner v. City of Forest Acres*, 560 S.E.2d 606, 610 (S.C. 2002); *Williams v. Riedman*, 529 S.E.2d 28, 32 (S.C. Ct. App. 2000).   Under certain circumstances, however, an at-will employment arrangement can be modified by an oral promise, see *Prescott v. Farmers Tel. Co-op., Inc.*, 516 S.E.2d 923, 926 (S.C. 1999), or by "[m]andatory, progressive discipline procedures . . .," set out in a handbook or policy, for instance. *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 698 (S.C. 2005).

The plaintiff has identified two bases for possible contract, here.  First, the plaintiff alleges that the defendant contracted and promised the plaintiff training opportunities as a part of his employment. (Compl. ¶ 55.)  Second, the plaintiff avers that the defendant breached certain contractual promises in the form of its written policies against discrimination. *Id.* ¶ 56.

The defendant focuses on the latter bases that the defendant breached the contractual promise latent in its anti-discrimination policy.  The defendant is right, in this

3

respect, that as a matter of law harassment policies typically do not constitute implied employment contracts, although not always. *See Eady v. Veolia Transp. Servs., Inc.*, 609 F. Supp.2d 540, 560 (D.S.C. 2009) (granting summary judgment for employer on breach of implied contract claim and holding that, "This Court previously has held that the defendant's nondiscrimination policy 'does not constitute a promise altering the at-will employment relationship and giving rise to a breach-of-contract claim.' . . . The non-discrimination language in the defendant's Handbook will not sustain the plaintiff's cause of action for breach of contract."). In response, the plaintiff does not disagree.

Instead, the plaintiff emphasizes the defendant's alleged promises concerning training. The Court is dubious that such promises would ultimately qualify. But, at this procedural interval, the pleading is enough. Oral promises can certainly be effective to create contractual employment obligations. *See Prescott v. Farmers Tel. Co-op., Inc.*, 516 S.E.2d at 926. Not enough is known about the promises themselves at this point; it is a factual inquiry inappropriate on motion to dismiss.

The defendant still complains that the averments concerning training and promotion are too vague and indefinite to constitute a binding contract. But, in this respect, the defendant seems to purposefully confuse the pleading standard with the ultimate burden of proof on the matter. The language of the Complaint, while arguably insufficient to establish contract, if no more evidentiary contour were ever added to it, is alternatively *sufficient* to simply plead the elements of it. *See Ashcroft*, 129 S. Ct. at 1950. If it proves that the promises were made sufficiently plain, by the proper decision

makers, under circumstances where the defendant intended to make as part of the employment agreement the provision of such training, then the plaintiff might yet recover.

The breach of contract claim should not be dismissed.

**II.     South Carolina Human Affairs Law**

The defendant has also moved for dismissal of the plaintiff's South Carolina Human Affairs Law (SCHAL) claim. The defendant contends that where a claim is brought in federal court for the same discriminatory conduct as covered by the SCHAL, the SCHAL claim is disallowed. In relevant part, that statute reads as follows:

> No action may be brought under this chapter if an action alleging essentially the same facts and seeking relief for the same complainant has been brought in any federal court. Any action brought under this chapter shall be promptly dismissed if an action alleging essentially the same facts and seeking relief for the same complainant is brought in any federal court.

S.C. Code § 1-13-90(d)(8).

As both parties recognize, the only decision of this district, or any court, to consider the statutory language has rejected the defendant's proposed interpretation of it. *See Gleaton v. Monumental Life Ins. Co.*, 719 F. Supp. 2d 623, 630 (D.S.C. 2010). In *Gleaton*, Chief Judge Margaret Seymour agreed that Section 1-13-90(d)(8) was most likely intended to avoid parallel, and potentially inconsistent, state and federal litigation, a concern not present when state and federal discrimination claims are pled in the same case. *Id.*

5

The Court has never before seen the defense raised, even as it has seen numerous cases involving both federal and SCHAL claims. South Carolina courts offer no additional instruction. The defendant appeals to what it believes is the plain language of the Section that the claim should be dismissed. Nothing could be less plain. In fact, the Court agrees largely with *Gleaton* that the most natural reading of the statute does not contemplate dismissal on the facts of this case. Section S.C. Code § 1-13-90 concerns complaints brought *to the Commission*. So, when subsection (d)(8) states "no [a]ction may be brought *under this chapter*" it appears to be clearly referring to actions brought in the Commission. *See* S.C. Code § 1-13-90(a)-(c), 1-13-70(o). And, it is only those such actions which the statute contemplates should be dismissed if the same predicate facts are being challenged also in federal court.

Regardless, the undersigned would defer to this District's present view of the statute that it does not require dismissal of the claim under the circumstances.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the defendants' motion to dismiss [Doc. 6] should be DENIED.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

March 15, 2012
Charleston, South Carolina.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).