# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Joshua Ganaway, | ) Civil Action No. 2:11-cv-2959-RMG |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Kyoto Highway 7, Inc., d/b/a Miyabi Japanese Steakhouse, | ) |
| Defendant. | ) |

In this case, Plaintiff alleges that Defendant, his former employer, discriminated against him based on his race and retaliated against him for complaining about such racial discrimination. (Dkt. No. 5). In his Amended Complaint, Plaintiff alleges three causes of action: Violation of Civil Rights/Racial Discrimination: Title VII (Count I); Violation of Equal Rights under 42 U.S.C. § 1981 (Count II); and breach of contract (Count III). However, within the allegations under Counts I and II, Plaintiff alleges that Defendant violated the South Carolina Human Affairs Law, which is codified at S.C. Cod §§ 1-13-10, *et seq.* ("SCHAL"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings.

On December 22, 2011, Defendant filed a motion to dismiss and/or strike, requesting that the Court dismiss Plaintiff's breach of contract claim and Plaintiff's claim pursuant to the SCHAL. (Dkt. No. 6). In the memorandum in support of its motion, Defendant argues that Plaintiff's Amended Complaint fails to state a claim for breach of contract and that Plaintiff is barred from pursuing a claim under the SCHAL pursuant to subsection 1-13-90(d)(8) of the South Carolina Code. (Dkt. No. 6-1). On January 9, 2012, Plaintiff filed a response to

1

Defendant's motion (Dkt. No. 9), and on January 19, 2012, Plaintiff filed a reply. (Dkt. No. 11). On March 15, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Defendant's motion be denied. (Dkt. No. 12). On April 2, 2012, Defendant filed objections to the Report and Recommendation. (Dkt. No. 14). After carefully considering the record, the arguments of the parties, and the applicable law, the Court denies Defendant's motion for the reasons explained herein.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

### I. Motion to Dismiss Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the complaint in a light most favorable to the non-moving party. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A Rule 12(b)(6) motion "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v.*

*City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. Application

### a. Plaintiff's Breach of Contract Claim

"In South Carolina, employment at-will is presumed absent the creation of a specific contract of employment." *Barron v. Labor Finders of South Carolina*, 713 S.E.2d 634, 636 (S.C. 2011). An at-will employee may be terminated at any time for any reason or for no reason, with or without cause. *Id.* Under certain circumstances, however, a contract altering the at-will arrangement may arise from the oral statement of the employer, *see Prescott v. Farmers Tel. Co-op., Inc.*, 516 S.E.2d 923, 926 (S.C. 1999), or from the employer's issuance of an employee handbook with "[m]andatory, progressive discipline procedures." *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 698 (S.C. 2005).

Here, Defendant argues that Plaintiff's breach of contract claim should be dismissed because Plaintiff has not sufficiently alleged the existence of a contract. In the Amended Complaint, Plaintiff makes the following allegations with regard to the existence of a contract:

> **FORTY-NINE:** The Defendant and the Plaintiff entered into a contract whereby it agreed to employ the Plaintiff as a Kitchen Prep Cook with the understanding that the Plaintiff would have opportunities to train for promotional opportunities within the company.
>
> **FIFTY:** When the Plaintiff was hired by the Defendant he was given documents regarding employment policies relating to discrimination. The Defendant its agents, servants, and employees breached that contract by discriminating against the Plaintiff and by retaliating against him after he reported the discrimination.

3

(Dkt. No. 5 at 6). The Court finds at this very early stage of the litigation and with the very limited standards for review under a Rule 12(b)(6) motion that Plaintiff has set forth sufficient allegations to state a plausible claim for breach of contract. Thus, the Court denies Defendant's motion to dismiss this claim.

### b. Plaintiff's Claim Under the SCHAL

Defendant argues that the following subsection within the SCHAL bars Plaintiff's SCHAL claim:

> No action may be brought under this chapter by a complainant if an action based on the same charge has been brought by the Commission, and no action may be brought under this chapter by the Commission if an action based on the same charge has been brought by the complainant. No action may be brought under this chapter if an action alleging essentially the same facts and seeking relief for the same complainant has been brought in any federal court. Any action brought under this chapter shall be promptly dismissed if an action alleging essentially the same facts and seeking relief for the same complainant is brought in any federal court.

S.C. Code Ann. § 1-13-90(d)(8). This precise argument was considered and rejected by this Court in *Gleaton v. Monumental Life Ins. Co.*, 719 F.Supp.2d 623, 629-30 (D.S.C. 2010). Defendant emphasizes that the *Gleaton* decision is not controlling precedent and argues that it was wrongly decided. The Court agrees with the reasoning set forth in *Gleaton*. Thus, the Court will not consider subsection 1-13-90(d)(8) of the South Carolina Code as a basis for dismissing Plaintiff's SCHAL claim unless and until Plaintiff's federal claims survive a summary judgment motion. Accordingly, Defendant's motion to dismiss Plaintiff's SCHAL claim is denied.

## III. Conclusion

For the foregoing reasons, the Court denies Defendant's motion to dismiss. (Dkt. No. 6).

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

April 18, 2012
Charleston, South Carolina